UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-1383-DMG (Ex)** | Date | May 1, 2020 |
|---|---|---|---|

| Title | *Eileen Laub v. Kao USA, Inc., et al.* | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [8]**

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Eileen Laub filed a Complaint against Defendants Kao USA, Inc. and Soraya Caudill on August 8, 2019 in Los Angeles County Superior Court. Complaint [Doc. # 1-1]. Defendants then filed a demurrer to the Complaint, which the Superior Court sustained on December 6, 2019. Wintersheimer Decl. at ¶ 3. Plaintiff thereafter filed a First Amended Complaint ("FAC") and a request for voluntary dismissal of Caudill, which the court granted on February 6, 2020. *Id*. Kao then filed an Answer to the FAC on February 7, 2020 in Superior Court, *id.*, and removed the action to this Court on February 11, 2020. Notice of Removal [Doc. # 1].

Plaintiff filed the instant Motion to Remand ("MTR") on March 11, 2020. [Doc. # 8.] She argues that the Court should remand the case because Kao's removal was procedurally improper and Kao has not established that there is at least $75,000 in controversy in this action. *See id.* Kao opposed the MTR, *see* Opp. [Doc. # 11], but Laub failed to file any Reply by her April 3, 2020 deadline to do so. For the following reasons, the Court **DENIES** the MTR.

**II.
LEGAL STANDARD**

It is a "bedrock principle" that federal courts are of limited jurisdiction. *Alcala v. Holder*, 563 F.3d 1009, 1016 (9th Cir. 2009) (citing *Cary v. Curtis*, 44 U.S. 236, 244 (1845)). When a party removes an action to federal court, that party bears the burden of establishing federal jurisdiction. *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). To show that a court has diversity jurisdiction, the removing party must demonstrate that the parties are of diverse citizenship and there is more than $75,000 in controversy. 18 U.S.C. § 1332.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-1383-DMG (Ex)** | Date | May 1, 2020 |
|---|---|---|---|
| Title | *Eileen Laub v. Kao USA, Inc., et al.* | Page | 2 of 4 |

Before a plaintiff challenges removal jurisdiction, a defendant's notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014) ("[D]efendants may simply allege or assert that the jurisdictional threshold has been met."). Once a plaintiff moves to remand, however, a defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015). To do so, the defendant can rely on the face of the plaintiff's complaint or submit summary-judgment-type evidence. *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

### III.
### DISCUSSION

Plaintiff contends that the Court should remand the action because (1) Kao's removal was procedurally improper and (2) Kao has not shown that there is a sufficient amount in controversy for the Court to have jurisdiction. *See* MTR. Neither argument is persuasive.

**A.   Kao's Removal Was Procedurally Proper**

Plaintiff claims that Kao failed to timely remove the action to this Court and failed to attach the required documents to its Notice of Removal. The Court disagrees.

Plaintiff states that Kao did not timely remove the action because it "engaged in discovery, subpoenas, and motion work" for months and filed an Answer in Superior Court before removing. MTR at 6. Plaintiff cites no authority to support this argument. To the contrary, federal law provides that defendants may remove actions filed in state court "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Here, it appears that Kao removed the action less than a week after the Superior Court granted Plaintiff's request to voluntarily dismiss Caudill, the only non-diverse Defendant in the case. *See* Wintersheimer Decl. at ¶ 3; Notice of Removal. Moreover, contrary to Plaintiff's assertion, Kao did not file an Answer in state court until February 7, 2020, *see* [Doc. # 1-15], and doing so did not waive Kao's right to remove the case. *See Acosta v. Direct Merchants Bank*, 207 F. Supp. 2d 1129, 1131 (S.D. Cal. 2002) (citing *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994)). Nor did Kao waive its right to remove the action by filing a demurrer or engaging in discovery in state court before the action became

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-1383-DMG (Ex)** | Date | May 1, 2020 |
| Title | *Eileen Laub v. Kao USA, Inc., et al.* | Page | 3 of 4 |

removable. *Resolution Tr. Corp.*, 43 F.3d at 1240 ("In general, the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits. Where, as here, a party takes necessary defensive action to avoid a judgment being entered automatically against him, such action does not manifest an intent to litigate in state court, and accordingly, does not waive the right to remove.") (internal quotations and citations omitted).

Plaintiff also contends that Kao failed to include the required documents in its Notice of Removal. That argument is meritless. A cursory inspection of the Court's docket reveals that Kao attached the five documents Plaintiff mentions (the Complaint, FAC, Answer, Dismissal, and Notice of Acknowledgment), among others, to its Notice. [Doc. # 1.] In sum, Plaintiff has not shown that Kao made any procedural mistakes in removing this action to federal court.

**B.      There Is At Least $75,000 In Controversy**

It is undisputed that the parties are of diverse citizenship. Notice of Removal at ¶¶ 19 (Laub is a California citizen), 10 (Kao is a citizen of Delaware and Ohio). The disagreement therefore centers on whether Plaintiff's allegations and discovery responses demonstrate that there is $75,000 in controversy. Removing defendants may rely on the Complaint's allegations and discovery materials obtained in state court in order to demonstrate that there is a sufficient amount in controversy to litigate in federal court. *Matheson,* 319 F.3d at 1090; 28 U.S.C. § 1446(c)(3).

Here, Plaintiff brings several employment-related claims and requests general damages, emotional distress damages, punitive damages, and attorneys' fees. *See* FAC at Prayer for Relief [Doc. # 1-13]. In her discovery responses, Plaintiff stated that, as a result of Kao's conduct, she has sustained "at least $50,000" in lost income. Wintersheimer Decl. at Ex. B (Discovery Reponses) at 21. Because Plaintiff submitted these responses in October 2019, her lost wages damages likely increased in the time between then and the date of removal. *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) ("jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal"). Plaintiff also claims to have lost a "weekly car allowance of $300, pension, and retirement" due to her termination. Since Plaintiff alleges that Kao terminated her employment on February 1, 2019, FAC at ¶ 8, about 53 weeks passed between her termination and Kao's removal. For purposes of the amount in controversy requirement, her lost car allowance therefore amounts to $15,900. Even assuming that Plaintiff did not incur any additional lost wages damages between October 2019 and the date of removal, these representations about her lost wages and car allowance place $65,900 in controversy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-1383-DMG (Ex)** | Date | May 1, 2020 |
|---|---|---|---|
| Title | *Eileen Laub v. Kao USA, Inc., et al.* | Page | 4 of 4 |

Kao has also shown that Plaintiff's emotional distress damages more likely than not place at least $10,100 in controversy. Removing defendants may establish the amount that an emotional distress claim places in controversy by analogizing the case to other similar cases' outcomes. *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Defendant cites *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893 (1998), in which the Court of Appeal upheld a jury verdict awarding $225,000 in emotional distress damages in a single-plaintiff employment discrimination case. Opp. at 11; *see also Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1147 (E.D. Cal. 2018) (collecting cases in which emotional distress damages far exceeded $10,100 in employment discrimination cases). Based on these cases, it is likely that Plaintiff's request for emotional distress damages place more than $10,100 in controversy.

Because the Court can determine from Plaintiff's discovery responses and allegations that her claims are worth at least $75,000, the Court need not address Kao's argument that Plaintiff's attorneys' fees further increase the amount in controversy.

## IV.
## CONCLUSION

In light of the foregoing, Kao's removal was not procedurally improper, and it has demonstrated that the Court has diversity jurisdiction over this action. Plaintiff's MTR is therefore **DENIED**.

**IT IS SO ORDERED**.